UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO DELGADO AVILA (A#207-273-011),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY,

Respondent.

No. 1:26-cv-08693-TLN-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

The record demonstrates that Petitioner is a native and citizen of Mexico who was brought to the United States at the age of four. ECF No. 1 at 5; ECF No. 10-1 at 1 (I-213 Form). Since that date in 1994, Petitioner has resided in this country with his immediate and extended family members who are all U.S. citizens. ECF No. 1 at 5. He completed high school and obtained employment in the restaurant industry as well as in long-haul trucking. ECF No. 1 at 5-6. After being denied Deferred Action for Childhood Arrivals ("DACA"), Petitioner resubmitted a Form I-821D DACA application to U.S. Customs and Immigration Services ("USCIS") on October 30,

2024, which remains pending. ECF No. 10-1 at 2-3.

Petitioner was arrested by Immigration and Customs Enforcement ("ICE") on February 17, 2026 after he arrived at the USCIS Modesto Application Support Center for a pre-scheduled appointment pertaining to his pending application. ECF No. 10-1 at 2. ICE served him a Notice to Appear ("NTA") charging him with being removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act for being present without being admitted or paroled. ECF No. 10-1 at 4 (NTA). Petitioner remains in immigration detention at the Mesa Verde Detention Facility located in this judicial district.

On September 3, 2026, an immigration judge ("IJ") denied Petitioner bond based on dangerousness due to an alleged outstanding felony arrest warrant for sexual assault in the third degree from Iowa.[1] ECF No. 10-2 (Order of the IJ). Petitioner has no criminal convictions and is not subject to an administratively final order of removal. ECF No. 10-1 at 3.

On October 13, 2026, Petitioner filed the pending § 2241 application challenging his immigration detention as a violation of the Fifth Amendment due process clause. ECF No. 1.

By way of an answer, Respondent contends that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and that he has already had the process due under that statute, namely, a bond hearing before an IJ. ECF No. 10. Respondent also asserts that the habeas petition should be denied because Petitioner has not exhausted his administrative remedies by appealing the IJ's bond denial. ECF No. 10 at 3.

## II. Analysis

### A. Exhaustion of Administrative Remedies

Although Respondent acknowledges that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), that does not resolve the issue in this case. Petitioner raises a due process challenge to his detention without affording him a pre-deprivation hearing based on over 30 years of living at liberty in the U.S.. ECF No. 1 at 19. In light of this claim, the exhaustion of administrative remedies would be futile because the BIA does not have the authority to resolve

---

[1] Respondent did not provide the Court with a copy of Petitioner's Rap Sheet upon which the IJ obtained the information pertaining to the outstanding warrant or a copy of the warrant itself.

constitutional challenges to immigration detention. See Matter of Fede, 20 I&N Dec. 35 (BIA 1989) (explaining why neither an IJ nor the BIA have the legal authority to consider constitutional challenges to the immigration regulations they administer); Matter of Fuentes-Campos, 21 I&N Dec. 905, 912 (BIA 1997) ("[E]ven if we were to perceive a constitutional infirmity in the unambiguous statute before us, we would be without authority to remedy it."). Therefore, the undersigned recommends that administrative exhaustion be prudentially waived in this case. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

**B. Due Process Challenge**

Turning to the merits of the due process challenge, the undersigned finds that Petitioner has a protected liberty interest in remaining free from custody based on the years that ICE took no action to detain him after he submitted multiple applications for DACA status. See Gagik T. v. Chestnut, et al., No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026); Kharitonova v. Albarran, No. 3:26-CV-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding liberty interest from "government's decision not to detain Petitioner 'when it processed her asylum application, took her biometrics, referred her asylum case to EOIR, and advised her to appear for multiple hearings over a period of years'"); Zhou v. Janec[k]a, et al., No. 5:26-CV-04167-DTB, 2026 WL 2365550, at *5 (C.D. Cal. Aug. 14, 2026) ("Courts have found a substantial liberty interest in circumstances where noncitizens commenced immigration proceedings, and the government chose not to detain them."); Hernandez Mendez v. Mullin, et al., 26-cv-4890-JES-BJW, 2026 WL 3182367 (S.D. Cal. Oct. 23, 2026) (collecting cases and finding the same in the context of a noncitizen who entered without inspection). "[A] a noncitizen who has lived at liberty for years while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." Gagik T., 2026 WL 1837413 at * 3. In this case, the government was aware of Petitioner's continued presence in the United States since at the latest October 2024, when he reapplied for DACA consideration. Yet ICE did not detain him at that point, even though he had an active arrest warrant from Iowa at that time. See ECF No. 9 (Audio Recording of Bond Hearing) (discussing

the age of the arrest warrant). Therefore, Petitioner has a protectable liberty interest under the due process clause.

The Court applies the three factors announced in Mathews v. Eldridge, 424 U.S. 319 (1976), to determine what process was due to Petitioner based on his protected liberty interest.

**Private Interest**: The first factor unquestionably tilts in Petitioner's favor because he has a clear interest in remaining free from detention. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Petitioner was at liberty for over thirty years before being detained in this case. The duration of his freedom from detention underscores his liberty interest. See Pinchi v. Noem, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (in the past five years, petitioner developed "extensive relations of support and interdependence" that "underscore the high stakes of [his] liberty.").

**Risk of Erroneous Deprivation**: Second, the risk of erroneous deprivation also weighs in petitioner's favor despite the fact that he was provided a bond hearing before an IJ over six months after he was detained. The crux of the due process clause "is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews, 424 U.S. at 333. Under these circumstances, a predeprivation hearing before a neutral decisionmaker would have significant value in determining whether Petitioner's detention was necessary when the entire issue of dangerousness was based on an old arrest warrant from an outside jurisdiction where Petitioner did not live. Had Petitioner been given prior notice of this outstanding warrant prior to his detention, he would have the ability to more meaningfully respond to the allegation of dangerousness. Under these circumstances, the second Mathews factor favors Petitioner.

**Government Interest**: Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal, as in this case, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured

by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). For all these reasons, the undersigned finds that Petitioner is entitled to relief under the Mathews factors, and that the appropriate relief in this case is immediate release from immigration detention based on Respondent's failure to provide Petitioner with any pre-deprivation hearing prior to detaining him. Respondent points to no reason a pre-deprivation hearing could not be held in this case especially in light of the fact that Petitioner was detained after voluntarily showing up at a USCIS field office. For all these reasons, Petitioner's § 2241 application should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner ALBERTO DELGADO AVILA (A#207-273-011), from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the Mesa Verde Detention Facility with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period

is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE